## McKINLEY v. LLOYD et al.

### (Circuit Court, D. Oregon. March 15, 1904.)

### No. 2,737.

1. PARTNERSHIP—SALE OF LANDS—SHARE IN PROFITS.

An agreement to share in the profits of the sales of land to be purchased is not of itself sufficient to constitute a partnership.

2. SAME—AGREEMENT WITH REFERENCE TO LAND—STATUTE OF FRAUDS.

Where an alleged agreement provided that certain land to be purchased should be held in equal interests between plaintiff and two others, subject to a charge in favor of L. for the purchase price and interest, or that it should be partitioned between the parties as they might thereafter agree, the profits on such sales as the parties might consent to make, to be divided, such contract had reference to the title to land, and was therefore within the statute of frauds.

3. SAME—AGREEMENT TO REDUCE PRINCIPAL AGREEMENT TO WRITING.

Where a parol agreement for the purchase and sale of lands was void under the statute of frauds, it could not be aided by the further parol agreement to reduce the principal agreement to writing.

4. SAME—ADEQUATE REMEDY AT LAW.

Where plaintiff entered into a parol agreement to receive an interest in timber land to be purchased, in consideration of his services in selecting the same, which agreement was void, under the statute of frauds, because not in writing, plaintiff had an adequate remedy at law on breach of the agreement, by an action for the value of the services performed.

O'Day & Tarpley and Williams, Wood & Linthicum, for plaintiff.
Carey & Mays, for defendants Lloyd.
Mitchell & Tanner, for defendant Willis H. Gilbert.

BELLINGER, District Judge. It is alleged in the amended bill of complaint that the plaintiff and George L. and Clyde D. Lloyd in 1901 entered into a partnership, the terms of which were substantially as follows: The plaintiff was to employ his time, skill, and knowledge in securing desirable timber lands in this state, and in instructing and familiarizing Clyde D. Lloyd with such lands and with the timber business. The defendant George L. Lloyd was to furnish the money necessary to pay for any timber lands so selected, which, in his judgment, it was desirable to purchase; taking the title in his own name, or in the name of Clyde D. Lloyd. That, when any such lands were sold, George L. Lloyd was to receive from the proceeds of the sale the money paid by him in its purchase, and interest thereon. The plaintiff and the other Lloyd were to be paid any money necessarily expended by them "in securing said lands," and the residue was to be divided equally between the plaintiff, on the one part, and the two Lloyds, on the other. That plaintiff was to have a conveyance from George L. Lloyd of an undivided one-half interest in any lands purchased under the agreement, at his (plaintiff's) election, on payment of one-half of the price paid by Lloyd, with interest, or, upon further agreement to that end, such lands should be partitioned

¶ 1. See Partnership, vol. 38, Cent. Dig. §§ 18, 26.

between the parties. That no sale of land should be made without plaintiff's consent. That, under this agreement, lands aggregating about 4,000 acres were acquired, for which George L. Lloyd paid $16,567.42. That there remained due to the state on account of these lands the sum of $6,943.40. That thereafter the plaintiff procured a purchaser for such lands at the price of $8 per acre, but that the Lloyds declined to sell the same, and, conspiring with the other defendants to defraud the plaintiff of his proportion of the proceeds of the sale of said lands, pretended to convey the lands to which title had been perfected to the defendant Gilbert, and to assign to said Gilbert the certificates representing the residue of said land. That Gilbert paid $24 per acre to George L. Lloyd, but plaintiff does not know how said money was divided between the several defendants, and as to this he prays for a discovery. The suit is to establish the plaintiff's interest in the land in question, and for a cancellation of the deed and assignments to Gilbert, for a discovery as above stated, for an accounting, and for such other relief as may be equitable. To this bill the Lloyds and Gilbert file their separate demurrers.

The suit is not one to recover a share in profits resulting from the purchase and sale of lands, but to establish an interest in land, and to set aside a conveyance and assignments alleged to have been made to defraud the plaintiff of such interest. So far as any question of partnership is concerned, the case is within the principle of the decision in the case of Blair v. Shaeffer (C. C.) 33 Fed. 218; Shaeffer v. Blair, 149 U. S. 248, 13 Sup. Ct. 856, 37 L. Ed. 721. An agreement to share in the profits of the sales of land is not enough to constitute a partnership. The defendant George L. Lloyd was under no obligation to purchase any of the land which the "time, skill, and knowledge" of the plaintiff might secure. Said Lloyd agreed that, when he did purchase any of such land, the plaintiff had the option to receive conveyances for an undivided one-half interest therein upon paying one-half of the price paid by Lloyd, with interest, or that the parties might, by a further agreement, partition the land between them. There was no provision in the agreement for the sale of the lands purchased. On the contrary, it was provided that no sales should be made, except upon the consent of all the parties. The effect of the agreement touching sales of land related to a division of proceeds, should sales be made through the mutual agreement of the parties in interest, thereafter had. The alleged partnership agreement had reference to an interest in land—to the acquiring of title by the plaintiff in land selected by the plaintiff, and purchased by the defendant George L. Lloyd.

It is true, one of the prayers of the bill is for a decree for such sums as on an accounting may be adjudged to be due to the plaintiff, but there is nothing to authorize a money decree for plaintiff, unless the alleged illegal sale made by George L. Lloyd, instead of being set aside, as prayed for, is affirmed; and so of the prayer for a discovery as to how much of the purchase price at said sale has been disbursed by George L. Lloyd in connection with it. If the sale is set aside, as prayed for, discovery will avail nothing in the case.

The complaint charges a conspiracy to defraud the plaintiff by the

device of a sale of the lands in question to the defendant Willis H. Gilbert and others, and it is alleged that said Gilbert and those concerned with him in such purchase had at the time full knowledge and notice "of the claim, right, title, and equity" of the plaintiff "as a partner" with the Lloyds "in the said lands," "and in the proceeds thereof." The main purpose of the suit is to set aside the conveyance to Gilbert, and, to this end, Gilbert and those alleged to be interested with him in the sale are made parties defendant. By this means the plaintiff seeks to protect his alleged "title and equity" in the land purchased by George L. Lloyd under his agreement with the plaintiff.

As already stated, in effect, the alleged agreement was not with reference to profits in buying and selling land, but it had reference to the title to land, to be either held in equal interests between the plaintiff, of the one part, and the Lloyds, of the other, subject to a charge thereon in favor of George L. Lloyd for its purchase price and interest, or partitioned between the parties, as they might thereafter agree. The "profits" to be divided between the parties upon sales which the parties might consent to make represent the proceeds of the respective interests of the parties charged with the purchase price, and interest thereon, and expenses. Now, it does not admit of doubt that such a contract as this upon which plaintiff's alleged "title and equity" in land depend, not being in writing, is void, under the statute of frauds, and the statute cannot be avoided by including within the relief sought the specific performance of the alleged agreement to reduce the parol agreement for such "title and equity" in the lands in question to writing. A parol agreement void under the statute is not aided by a further parol agreement to reduce the principal agreement to writing. The cases where this has been permitted are cases where there has been such performance of the agreement by the party seeking relief, or his position has been so changed in reliance upon it, that his loss and injury cannot be measured in damages, and, without specific performance, there will be a failure of justice. In all cases involving the mere expenditure of money or the performance of services upon a parol agreement for an interest in land, the law affords an adequate remedy by an action at law for the money paid, with interest, or for the value of the services performed, or both, as the exigencies of the case may require; and, with these remedies, the party who, in the face of the statute, enters into parol contracts of the character in question, must be content. The court cannot, out of regard to the so-called "equities" of such cases, disregard the statute. It is for the Legislature, not the courts, to repeal it, if it deserves repeal.

The demurrers are sustained.