FERGUSON CONTRACTING CO. v. HELDERBERG CEMENT CO.

(Supreme Court, Appellate Division, First Department.  December 30, 1909.)

1. SALES (§ 28*)—WRITTEN CONTRACTS—FORM.

A writing signed by defendant and accepted in writing by plaintiff, wherein defendant proposed to sell plaintiff all cement required by plaintiff in doing certain work in case the contract for the work should be awarded plaintiff, and containing all the terms of the agreement, constituted a complete and valid contract, though it provided that, on the awarding of the contract in question to plaintiff, the parties should enter into a contract on the terms provided for in the writing.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 54, 55; Dec. Dig. § 28.*]

2. SALES (§ 68*)—CONTRACTS—CONSTRUCTION.

Defendant agreed to sell plaintiff the cement required for the performance of certain work in case plaintiff should be awarded the contract for the work, and plaintiff, after being awarded the contract, subcontracted the entire work to one who agreed to furnish all labor and materials. *Held*, that the defendant was not liable for damages for failing to deliver the cement, as the contract between plaintiff and defendant was not a general contract to sell a quantity of cement equal to that required for the contract, but merely the cement which the plaintiff might require for the contract awarded.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 182; Dec. Dig. § 68.*]

Appeal from Trial Term, New York County.

Action by the Ferguson Contracting Company against the Helderberg Cement Company. From a judgment in favor of plaintiff and from an order denying a motion for a new trial, defendant appeals. Reversed, and new trial granted.

Argued before INGRAHAM, CLARKE, HOUGHTON, McLAUGHLIN, and SCOTT, JJ.

Murray Downs, for appellant.
Brainard Tolles, for respondent.

SCOTT, J.  Defendant appeals from a judgment entered upon a verdict and from order denying a new trial.

The action is for damages for the failure to perform a contract for the sale and delivery of cement. The plaintiff was a prospective bidder for a contract to be awarded by the state known as Barge Canal Contract No. 2. For the performance of that contract a large amount

of cement would be required, and on January 18, 1905, plaintiff and defendant entered into the following agreement:

"New York, Jan. 18th, 1905.

"The Ferguson Contracting Co., New York.

"Gentlemen: We propose to furnish you with the cement required for your contract for the construction of locks, walls, etc., at Waterford, N. Y., known as contract No. 2 providing the said contract is awarded to you, at $1.05 per barrel, f. o. b. cars, in car loads of not less than 106 bbls. Waterford, N. Y., exclusive of package. If delivered in bags the price is to be ten cents extra for bags, four to the barrel, you to be paid the same price for bags when returned to our works at Howe's Cave, N. Y., in good order, freight prepaid. For deliveries in barrels add thirty cents to the above price; wood barrels not to be returnable. The cement referred to to be deliverable as required, but not to exceed 1,200 barrels per day. Terms:—For all cement delivered during any month, payment shall be made not later than the 20th of each month for cement delivered during the preceding month. The cement so to be delivered shall be subject to the specifications for Portland cement as required by the specifications of the State Engineer and subject to his acceptance and shall be sampled and tested according to such specifications. In case the State Engineer will consent to bin tests we agree to make delivery in that way and to hold bins for not exceeding 60 days nor in amount exceeding 20,000 barrels. Upon awarding of contract it is mutually agreed that we enter into a contract upon above terms.

"Yours truly,                    The Helderberg Cement Co.,

"By C. H. Ramsay, Gen'l Sales Agent.

"We hereby accept the above proposition.

"The Ferguson Contracting Co.,

"R. T. Norton, Manager."

Notwithstanding this agreement provided for and contemplated the subsequent execution of a more formal contract, and that efforts to agree upon such a contract afterwards proved unavailing, we are of opinion that the agreement itself constituted a complete and valid contract. Pratt v. Hudson R. R. R. Co., 21 N. Y. 305; Sanders v. Fruit Company, 144 N. Y. 209, 39 N. E. 75, 29 L. R. A. 431, 43 Am. St. Rep. 757; Peirce v. Cornell, 117 App. Div. 66, 102 N. Y. Supp. 102. The contract, although complete, was contingent and limited. It was contingent upon the contract from the state being awarded to plaintiff, and it was not a general contract to sell a given quantity of cement, but merely the cement which the plaintiff might require for the execution of the contract awarded to it by the state. It did not purport to be, and should not be construed to be, a general contract to sell plaintiff at a given price an amount of cement equal to that which would be required for the canal contract. It is very doubtful whether this contract was assignable by plaintiff without defendant's consent, since it involved the extension of credit to the purchaser, and the defendant was entitled to determine for itself to whom it would extend credit. Indeed no formal assignment was attempted to be made, although the plaintiff seeks to show that it undertook to extend to its subcontractor the benefits of the contract. This, however, was without defendant's knowledge or consent and does not affect the present action.

The state contract was awarded to plaintiff, and it immediately subcontracted what was practically the entire job to a firm known as Woods Bros. & Hamilton, who agreed to "furnish all labor and materials, and all work, labor, services and material that may be required." Of course, this included the furnishing of all the cement, for

that was an important item of the materials required for this work. Thus the plaintiff, ignoring defendant's contract to sell and deliver the cement needed for the work, made another contract with another firm to furnish all the material including the cement. It matters not that plaintiff still remained responsible, as between itself and the state, for the completion of the work. The point is that it elected to procure the cement needed on the work from some one other than defendant, and thus incapacitated itself from using any cement furnished by defendant in the manner and for the purpose specified in the contract upon which this action rests. If defendant had delivered cement, plaintiff would have been obliged to resell it to its own subcontractors, or to some one else. But the clear meaning of the contract between plaintiff and defendant was that the cement was to be sold, not for resale, but for use by plaintiff in its canal work. Nor does the plaintiff suffer even indirect damage because its subcontractors were obliged to pay a higher price for cement than that specified in the contract between these parties. The subcontractors agreed to do the work for plaintiff at a price 8 per cent. less than the price to be paid him by the state. Hence it made no difference to plaintiff what price his subcontractors paid for labor or material, or whether they made a profit or a loss. In no aspect of the case can it be said that plaintiff suffered damage from defendant's refusal to deliver cement.

The judgment and order appealed from must be reversed and a new trial granted, with costs to appellant to abide the event. All concur.