# WILLIAM A. CLARK,

*vs.*

# THE CITY OF BRADFORD GAS AND POWER CORPORATION, GEORGE W. BOVAIRD and LEE S. MEYER.

## *New Castle, Aug. 2, 1916.*

An action at law for damages will lie for a breach of an oral contract to execute a written agreement, the terms of which are fully agreed upon; and the same damages are recoverable therein as for a refusal to perform the contract, had it been executed in writing.

A court of law will not give damages for a breach of an oral agreement to make a written agreement, where the oral agreement is unenforceable by reason of being within the Statute of Frauds.

A court of equity will ordinarily not compel one of the parties to an oral agreement to execute and deliver the contract in writing as agreed, where the contract, not being in writing, is unenforceable by reason of the Statute of Frauds.

Where an oral agreement to execute and deliver a written contract, the terms of which are fully agreed upon, has been partly performed by one of the parties, equity will enforce specific performance by compelling the delivery of the written contract, even where the agreement, not being in writing, is unenforceable by reason of the Statute of Frauds.

An oral agreement for the execution of a written contract, whereby complainant should secure the right to extract gasoline from gas controlled by the defendant for a period of ten years, is within the Statute of Frauds as not performable within the space of one year.

Specific performance will not be decreed to compel the execution and delivery of a written contract, pursuant to an oral agreement whereby complainant was to have the right to extract gasoline from gas controlled by defendant for ten years, where there was no allegation of part performance, or the making of any outlay, or incurring of any expense after the making of any outlay, or incurring of any expense after the making of the oral agreement in contemplation thereof, since such agreement was unenforceable under the Statute of Frauds.

Equity will not decree specific performance of an oral agreement to execute a written contract, where such agreement was not within the

Statute of Frauds, and therefore enforceable at law, since complainant has an adequate remedy at law.

BILL IN EQUITY.   By the amended bill it is alleged that in September, 1913, the complainant reached an oral agreement with the officers and directors of the defendant corporation at a meeting held for the purpose of making the contract, whereby the complainant should secure the right to extract gasoline from the gas controlled by the corporation.   After the terms had been agreed upon the officers were directed to, and did in the presence of the complainant, dictate to a stenographer a formal draft of a contract embodying the terms theretofore agreed upon, and it was agreed that the contract when put in writing should be executed and delivered.   A few days later the complainant was informed by the president of the corporation that the contract had been signed by him and forwarded to the secretary for execution by him; and later the secretary forwarded a written draft of a contract to the complainant, which, however, did not contain the terms theretofore agreed upon orally, and the complainant refused to execute it; but reduced to writing the terms of the contract as agreed upon orally and executed it and returned it to the secretary to be executed by the corporation.   Later the corporation executed and returned to the complainant the first draft, which did not contain the terms orally agreed upon, but the complainant refused to execute that draft.   Copies of the two written drafts of the contract were attached to the bill.   It is further alleged that demand had been made upon the corporation to execute the draft signed by the complainant, but that they had refused to do it, although the complainant had performed everything necessary to be performed on his part towards the proper execution and delivery of the contract, and that the complainant has been and is prepared to accept it and perform all the terms thereof.   The prayer of the bill is that the corporation, its president and secretary, all of whom were made parties defendant, should execute and deliver to the complainant the contract entered into and agreed upon between him and the corporation, according to his draft of such oral contract.   By the

draft of the contract, which the complainant alleges embodies the terms of the oral contract, it appears that the agreement should continue in force for a period of ten years and be renewable as therein provided.

To the amended bill the defendant corporation filed a general demurrer, and the matter was heard on bill and demurrer.

*Reuben Satterthwaite, Jr.*, for the complainant.

*Marvel, Marvel and Wolcott*, for the defendant, City of Bradford Gas and Power Corporation.

THE CHANCELLOR.    It is clear that the complainant is not entitled to the relief asked for in his bill.   He seeks to compel the defendants to execute and deliver to him a contract entered into between him and the defendant company, and annexes to his bill a written draft of that agreement, all the terms of which had been agreed upon orally.   Briefly stated, this court is asked to specifically enforce a verbal contract to enter into a written contract, and is not asked to enforce performance of the agreement.

The principles of law, applicable here are these: An action at law for damages will lie for a breach of an oral agreement to execute a written agreement, the terms of which are fully agreed upon, and the same damages would be recoverable as for a refusal to perform the contract after its execution in writing. In 3 *Elliott on Contracts*, §2219, it is thus expressed:

"The refusal of one to execute a contract which he has agreed to execute would seem to render him liable for the same damages as would be recoverable for an entire refusal to perform the contract after its execution in writing."

Indeed, both sides admit this proposition, and *Pratt v. Hudson River R. R. Co.*, 21 *N. Y.* 305, cited by each of them, well illustrates the rule.   A court of law will not give damages for a breach of an oral agreement to make a written agreement, when the oral agreement is unenforceable by reason of its being within the Statute if Frauds.   As expressed in *Browne on Statute of Frauds (5th Ed.)* §284: ..

" * * an oral agreement to put in writing a contract which will require more than a year to perform, is within the statute, and no action will lie for its non-performance."

In *McLachlin v. Village of Whitehall*, 114 *App. Div.* 315, 99 *N. Y. Supp.* 721, the plaintiff had agreed orally with the defendant that the written contract with the village to furnish light would be extended five years; but notwithstanding the fact, that the plaintiff expended money to enlarge his plant in order to fulfill his agreement, the court held he could not recover damages for the failure of the village to sign the contract, which being oral was within the statute because not to be completed within a year. After observing that the oral agreement to enter into a written agreement might have been performed within a year, yet the damages for a breach of the oral agreement would be the same as for a breach of the contract for lighting, the court said:

"It is conceded that a contract for lighting for a term of five years would be void if not in writing, but if an oral agreement to enter into such a written contract is not also void, where the damages claimed for the breach of the oral agreement are not independent of it, but necessarily are the same as those which would arise from the breach of the written contract, the door would be open for the practical nullification of the Statute of Frauds in a large class of cases."

In *Green v. Penna. Steel Co.*, 75 *Md.* 109, 23 *Atl.* 139, it was orally agreed between the plaintiff and defendant that the plaintiff should buy a certain steamboat and that the defendant would give the plaintiff an exclusive privilege to carry passengers and freight between Baltimore and the defendant's manufacturing plant at Sparrow's Point. After the plaintiff had bought the steamboat the defendant refused to execute the contract, and the plaintiff sued for damages. The contract was unenforceable because not in writing. The court held that the action would not lie, saying:

"Such a contention is * * * a contradiction in terms. If no action will lie on the agreement, upon what principle can the appellee [the defendant] be held liable in damages for a refusal to carry out the terms of the agreement?"

182    CLARK vs. CITY OF BRADFORD, &C., CORP.

Opinion.

And after stating that no case had been found to the contrary said:

"* * * if one could not be held liable on a verbal agreement within the Statute [of Frauds], neither could he be held liable in an action at law for a refusal to carry out the terms of such an agreement."

In *Chase v. Fitz*, 132 *Mass.* 359, 361, the court thus expressed itself:

"It would leave but little if anything to the Statute of Frauds to hold that a party might be mulcted in damages for refusing to execute in writing a verbal agreement, which unless in writing is invalid under the Statute of Frauds."

In *Yates v. Martin*, 2 *Pin.* (*Wis.*) 171, a parol promise to make a written contract touching an interest in land was broken by a refusal to execute it. A demurrer to the declaration in a suit for damages was sustained, the court saying:

"A contract for a contract is within the Statute [of Frauds] provided the second contract conveys an interest in land."

A court of equity will in general not compel one of the parties to a complete oral agreement to execute and deliver the contract reduced to writing, where the contract not being in writing as required by the Statute of Frauds in unenforceable. To do so in order that suit may be brought on the contract would be an evasion of the provisions of the statute and nullify its effectiveness. A court of equity will not assist a person to obtain indirectly what he could not obtain directly.

In *Glass v. Hulbert*, 102 *Mass.* 24, 3 *Am. Rep.* 418, a bill in equity was filed to reform a contract partly performed, on the ground of fraud, but the court denied the relief because the agreement related to the sale of land and was not in writing as required by the Statute of Frauds. It was pithily said by Wells, J.:

"From the oral agreement there can be derived no legal right, either to have performance of its stipulations or written evidence of its terms. * * * The statute is not a mere rule of evidence, but a limitation of judicial authority to afford remedy."

In *McKinley v. Lloyd*, (*C. C.*) 128 *Fed.* 519, 521, the court said:

"A parol agreement void under the statute is not aided by a further parol agreement to reduce the principal agreement to writing. The cases where this has been permitted are cases where there has been such performance of the agreement by the party seeking relief, or his position has been so changed in reliance upon it, that his loss and injury cannot be measured in damages, and, without specific performance, there will be 'a failure of justice."

In *Henderson v. Henrie*, 68 *W. Va.* 562, 71 *S. E.* 172, 34 *L. R. A.* (*N. S.*) 628, *Ann. Cas.* 1912B, 318, it was held that a contract not valid at law will not be enforced in equity, and to enable a court of equity to enforce a verbal contract for the sale of land there must be an independent equity. See, also, *Garnes v. Frazier*; (*Ky.*) 118 *S. W.* 998; *Caylor vs. Roe*, 99 *Ind.* 1. Indeed, there is ample authority in Delaware in *Godwin v. Collins*, 4 *Houst.* 28, 55, that a court of equity will not decree specific performance of a contract which does not comply with the Statute of Frauds.

Where, however, there are equitable considerations, such as part performance by the complainant of the oral agreement, a court of equity will enforce specifically performance by the other parties to the agreement in order that injustice be not done, even where the agreement, not being in writing, is unenforceable. Such was the case of *Matthes v. Wier*, 10 *Del. Ch.* 63, 84 *Atl.* 878 (1912), where this court enforced specifically an oral agreement to lease land, the lessee having a right to purchase the demised premises, there being in that case part performance by payment of some of the purchase money, which made it inequitable to enforce the prohibition of the Statute of Frauds of Delaware.

The case of *Equitable Gas Light Co. v. Baltimore, etc., Co.*, 63 *Md.* 285, relied on by the complainant, is one where the principle of an independent equity was applied.

The oral agreement in this case is clearly unenforceable by the law of Delaware, because it is not to be performed within the space of one year from the making thereof. *Harris v. Porter*, 2 *Harr.* 27.

Applying the above stated principles to the facts alleged in the bill and admitted by the demurrer to be true for the purpose of testing the right of the complainant to the relief sought, the following conclusions result: If the law of Delaware applies, the oral contract is unenforceable at law. There is here no equitable reason for requiring the defendant company to perform the agreement between the complainant and defendant company. There is no allegation of part performance by the complainant, or the making of any outlay, or incurring of any expense after the making of the oral agreement in contemplation thereof, or any other such matter. By the bill the complainant only avers that he is ready to carry out the contract when it is reduced to writing, and does not say that he has done anything in execution of it. Therefore, if the Statute of Frauds of Delaware applies, the complainant is not entitled to the relief sought.

For the complainant it was contended that the law of Pennsylvania, the State where the oral contract was made and where it was to be performed, governs and not the law of Delaware, the State where the remedy is sought, and undertook to show by citation of authorities that by the law of Pennsylvania the oral contract is enforceable at law. Much of the discussion of counsel was whether the *lex loci contractus* and *solutionis*, or the *lex loci fori* was applicable. But it is not necessary to decide this question, as to which a great diversity of views have been expressed by courts and commentators. Obviously if the law of Pennsylvania controls the courts of Delaware in the matter of remedies for breach of the oral agreement and makes the contract enforceable at law, then a court of equity would in Delaware, as well as in Pennsylvania, be without jurisdiction because an adequate remedy at law exists; while if the law of Delaware must rule, or if the law of Pennsylvania is the same as that of Delaware, then, as the contract is unenforceable here at law, because not in writing, this court, as herein above stated, will not compel its being put into written form in order that it may be enforced at law. The complainant is impaled on one or the other of the horns of the dilemma, and this court is powerless under the allegations of the bill to extricate him.

In his brief the solicitor for the complainant argues that, the terms of the oral contract being complete, and the execution of the written evidence of it having been authorized, and it having been signed by the president of the·defendant company, though not by the secretary thereof, it was in fact duly executed; and that the bill could be maintained as one to enforce delivery of the written contract and not to compel the execution and delivery of the written contract. But the allegations of the bill and the prayers of it do not agree with this proposition, and on this demurrer the rights have to be determined by the bill as a whole.

The demurrer filed by the defendant company to the bill must be sustained.