[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The plaintiffs are the owners of a residence. The defendant is a building contractor. The plaintiffs hired the defendant to perform home improvements to their residence, and brought this action for damages, claiming a defective performance of the work by the defendant on breach of contract, negligence and similar grounds. The defendant filed a two count counterclaim on two theories: (1) breach of contract and (2) unjust enrichment. Besides the original agreement between the parties, they later agreed to modifications to the agreement. The plaintiff has moved for summary judgment on the counterclaim and raises three claims: (1) the defendant is barred from enforcing the agreements because he failed to comply with the Home Solicitation Sales Act (HSSA), and particularly, section 42-135a C.G.S.; (2) the defendant is barred from enforcing the agreements for failure to comply with the Home Improvement Act (HIA) section CT Page 191220-429 C.G.S.; and (3) the defendant cannot recover on a quantum meruit or similar quasi-contract theory.
In support of the motion for summary judgment the plaintiffs have filed affidavits. No affidavits or other documentary proof have been filed by the defendant.
A summary judgment may be granted under section 384 of the Connecticut Practice Book if the pleadings, affidavits and other proof submitted with the motion show that there is no genuine issue as to any material fact and that the moving party is entitled to judgement as a matter of law. Connelly v. Housing Authority, 213 Conn. 254, 264; Bartha v. Waterbury Housing Wrecking Co., 190 Conn. 8, 11. Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. State v. Goggin, 208 Conn. 606, 616; Bartha v. Waterbury House Wrecking Co., supra, 11, 12. In the absence of other evidence, the court accepts the statements in the plaintiffs' affidavits. They disclose a verbal proposal made by the defendant at the plaintiffs' residence in October 1987 to make home improvements. Attached to the counterclaim is a a written proposal for work on the plaintiffs' house in the amount of $52,000 which is signed only by the plaintiff Richard Gaudette. It is not signed by the plaintiff Jeanette Gaudette or by the defendant. The plaintiffs were not told that they had the right to cancel the agreement, and the written proposal does not contain a notice to that effect. Neither plaintiff ever received a signed copy of the proposal from the defendant. The parties subsequently agreed verbally to make changes in the original agreement, but never signed a written modification agreement covering the changes.
In determining whether there is a material issue of fact, the evidence is considered in the light most favorable to the nonmoving party. Strada v. Connecticut Newspapers, Inc., 193 Conn. 313, 317. Even applying this test, the defendant has not shown that there is a genuine issue as to any material fact. In order to obtain summary judgment the plaintiffs must also show that they are entitled to judgment as a matter of law. Section 384 Connecticut Practice Book; Bartha v. Waterbury House Wrecking Co., supra, 11.
The provision of the Home Improvement Act (HIA) relied upon by the plaintiffs is section 20-429 C.G.S. Subsections (a) and (c), provided as follows in October 1987 when the original agreement was reached and in March 1988, when the parties agreed to modifications in their agreement: CT Page 1913
 "(a) No home improvement contract shall be valid unless it is in writing, and unless it contains the entire agreement between the owner and the contractor . . . (c) The contractor shall provide and deliver to the owner, without charge, a completed copy of the home improvement contract at the time such contract is executed."
The defendant apparently delivered a written instrument (the document attached to the counterclaim), which was signed by Richard Gaudette but no one else. For purposes of this motion the court presumes that it contained the entire agreement between the plaintiffs as homeowners and the defendant as the contractor at the time, namely on October 28, 1987. All the parties did not sign the agreement, and no signed copy was ever given to the plaintiffs. The plaintiffs contend that the statute must be read as a whole, and that in order for a contract to be valid under subsection (a) it must be signed by all the parties since subsection (c) requires the contractor to deliver to the owner "a completed copy" of the contract "at the time such contract is executed." In Caulkins v. Petrillo, 200 Conn. 713, 720 (1986) it was held that section 20-429 required a home improvement contract to be in writing in order to be enforceable, and that an oral agreement was not enforceable by a home improvement contractor. The plaintiffs are correct that the statutory provision becomes meaningless if the contractor prepares a written agreement but the parties fail to sign it. The signing of the contract makes it enforceable and shows a meeting of the minds on the essential terms. Christensen v. Bic Corporation, 18 Conn. App. 451, 458. If the written agreement is intended by the parties to show the result of their negotiations, there is no contract until the written draft is signed. Socony-Vacuum Oil Co. v. Elion, 126 Conn. 310,317; 17 Am.Jur.2d, Contracts, section 28. See also Atlantic Terra-Cotta Co. v. Chesapeake Terra Cotta Co.,96 Conn. 88, 97. Implicit in the statute and the holding in Caulkins, is that the parties must enter into a signed, written agreement, and the contract is not enforceable by the building contractor until the homeowners receive a signed copy of it.
Since there is no signed agreement, any claim of breach of express contract is barred by section 20-429 C.G.S. Caulkins v. Petrillo, supra, 720; Barrett Builders v. Miller,215 Conn. 316.
The second count of the counterclaim, dated April 16, 1990 is characterized by the plaintiffs as a claim based on CT Page 1914 quantum meruit or quasi-contract. Actually, as a review of the second count of the counterclaim shows, the defendant's theory of recovery is unjust enrichment. Unjust enrichment is a legal doctrine which may be applied when there is no remedy available pursuant to a contract. Burns v. Koellmer, 11 Conn. App. 375,383. While the concepts of unjust enrichment and quantum meruit are not the same, there is no material difference between them when a contractor attempts a recovery based upon a home improvement contract. Unjust enrichment, like the doctrine of quantum meruit, allows recovery on the theory of restitution, namely the restoration to a party of something which he was deprived of because of the unjust enrichment of another at his expense. Id. 383, 384; Sidney v. DeVries, supra, 351-352, note 1. Where the parties to a home improvement contract have not entered into a written agreement, the contractor cannot recover on grounds of quantum meruit. A. Secondino Son Inc. v. LoRicco, 215 Conn. 336,340; Sidney v. DeVries, 215 Conn. 350, 354; Barrett Builders v. Miller, supra. Section 20-429 bars recovery based on an implied or quasi-contract theory. Liljedahl Bros. Inc. v. Grigsby, 215 Conn. 345, 349, 350. The statute makes no exception for a distinction quantum meruit and unjust enrichment claims; both are barred. A. Secondino Son Inc. v. LoRicco, supra, 340; Barrett Builders v. Miller, supra, 328.
In the absence of an allegation in the complaint that the homeowner has acted in bad faith, the homeowner is allowed to repudiate an agreement which does not comply with the statute. Barrett Builders v. Miller, supra, 328; Liljedahl Bros., Inc. v. Grigsby, supra, 350.
The plaintiffs also claim that the provisions of the Home Solicitation Sales Act (HSSA) also bar recovery where, as here, the defendant-contractor failed to give the home owners written notice that they could cancel the transaction within three business days, as provided by section 42-135a
C.G.S. Subsequent to the events in this case P.A. 88-269 section 9 amended section 20-429, effective October 1, 1988, to incorporate the requirements of the HSSA into home improvement contracts. See section 20-429 (e) C.G.S. It has been held that the provisions of the HSSA do not apply to home improvement contracts entered into prior to October 1, 1988. Wayne Taylor v. Susan Deleon, CV88-0026699S, Superior Court at Milford, November 9, 1989. The reason for this is that substantive changes in the law are not to be applied retroactively unless the legislature clearly expresses an intention to do so. Moore v. McNamara, 201 Conn. 16, 22.
Since the two counts of the counterclaim are barred by CT Page 1915 section 20-429, the plaintiffs' motion for summary judgment on the counterclaim is granted.
ROBERT A. FULLER, JUDGE