[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
Before the court is the defendant Housing Authority Motion for Summary Judgment.
The New Haven Housing Authority determined to reject all bids for demolition of certain public housing in that city, including the plaintiff's bid. The bids had been opened on October 19, 1989. Plaintiff's bid was lowest. Plaintiff certified as part of the bid he made on October 19, 1989 that there were "no governmental investigations of me or my projects" (emphasis supplied) which representation was relied on by the defendant Housing Authority. That representation was not true at the time of the plaintiff's certification. Thomas Cappoziello and Bridgeport Wrecking Co., Inc. had been criminally indicted for violations of the United States Code for permitting friable abestos to pollute the air while demolishing a North Haven Dairy. There was no acquittal except as to one count of the indictment. Furthermore, the State Department of Environmental Protection had investigated and made orders against the plaintiff for violation of state statutes in connection with unlawful dumping of certain demolition materials in other towns.
The plaintiff claims that summary judgment will not lie because there is an issue of fact about whether: (1) a contract existed by virtue of the letter from the Housing Authority advising that the plaintiff was the lowest responsible bidder and that a formal contract would have to be signed because that constituted "acceptance of the Bridgeport Wrecking Co.'s bid", (2) principles of estoppel bar the defendant from denying the existence of a contract, (3) no due process hearing was accorded the plaintiff before the defendant rejected all bids including the plaintiff's.
Because there is no genuine issue of material fact, summary judgment in favor of the defendant is granted.
Construction of written contractual agreements is a matter for the court even in a jury trial.
The November 14, 1989 letter from Mr. Arturo Serrano of the Housing Authority advising the plaintiff it was the lowest responsible bidder did not create an agreement because it expressly stated that the payment and performance bond and certificate of insurance were to be submitted "at the contract signing. . .". When those documents and an affirmative action CT Page 4410 plan document were in order the plaintiff was to present itself to formally sign a contract. An invitation to bid is an invitation to make an offer. John J. Brennan Construction Co. v. Shelton, 187 Conn. 695. Where acceptance of such a proposal is in effect, expressed to be subject to a written contract being prepared and signed and no such agreement is ever executed there is no contract. Atlantic Terracotta Co. v. Chesapeake Terracotta Co., 96 Conn. 88, 97.
 II
It is not disputed by the plaintiff that at the time it certified "no governmental investigations" were pending that numerous investigations were in fact pending including a federal indictment by a federal grand jury. Plaintiff's president claims to have misunderstood that certification. The court finds the invitation to bid requiring such certification and that certification which was made clear and unequivocal.
The plaintiff claims that because he bought tires and leased equipment to do the work contemplated by the contract based on the November 14, 1989 letter from Arturo Serrano of the Authority, that the defendant Housing Authority should be estopped to deny a contract exists.
Estoppel is a principle of equity that when a party, by its acts or representations, or by its silence where it ought to speak out, induces another to believe something, and such other rightfully relies and acts upon that belief, so that if the former were permitted to deny its earlier representations, unjust detriment would occur to the party who relied, then the former is estopped by law from asserting a right it might otherwise have to deny some legal obligation or actions. There are two essential elements. The party to be estopped must do or say something that is intended or calculated to induce another to believe in certain facts and to act upon that belief; and the other party thereby influenced in rightful reliance on that must actually change his position to his detriment. Papcun v. Papcun, 181 Conn. 618, 621 (1980).
The reliance element must be rightful. The plaintiff here, however, cannot claim rightful reliance on its designation by the Housing Authority as lowest responsible bidder where it induced that finding on the part of the Authority by an untrue representation on which the authority relied that there were no governmental investigations of the plaintiff's projects.
Because there could be no rightful reliance in such a situation by the plaintiff, there can be no estoppel. The plaintiff cannot hold the defendant liable for detriments CT Page 4411 suffered as a result of the plaintiff's own improper actions and untrue representations.
 III
Finally the plaintiff claims a public hearing should have been held prior to rejection of his bid. This claim to a right to a hearing arises out of the assertion by the plaintiff that rejection of all bids deprived it of a property right without "meaningful notice and opportunity to be heard", in violation of title 42 U.S.C. § 1983. The plaintiff never requested such a hearing. Codd v. Velger, 429 U.S. 624, 51 L.Ed.2d 92
(1977). That is a prerequisite to any requirement to hold a hearing. Furthermore, the plaintiff had the right to reject all bids. The low bidder on a public contract has no property right in Connecticut. Allston v. Housing Authority, 143 Conn. 338. Additionally, because of lack of any contrary assertion by the plaintiff in the Affidavits, there is evidently no dispute that in fact at the time the plaintiff submitted its bid, it had governmental investigations ongoing about it but nonetheless stated in a bid document that there were none.
For all of these reasons the defendant's Motion for Summary Judgment is granted.
FLYNN, JUDGE