## JONES *a.* PALMER.

*Supreme Court, First District; Special Term, May,* 1855.

A plaintiff may in some cases be allowed to set up one cause of action in two different counts.

Motion to strike out one of the counts of a complaint.

The complaint in this action contained two counts. The first averred an agreement to deliver to defendant certain merchandise, and that defendant agreed to send to plaintiffs certain other merchandise therefor; that plaintiffs performed their part of the agreement, but that defendant did not deliver as agreed, and had not paid for the merchandise delivered by plaintiffs; stating its value.

The second count averred a sale and delivery of the same merchandise for a sum certain, on request of defendant, and non-payment. The claim for judgment was for this amount.

*C. M. Hall* for the motion,—read affidavits to show that there was but one cause of action stated in two forms, and claimed that one count was redundant and irregular, and that such a mode of pleading, since the Code, was unauthorized. He cited Churchill *v.* Churchill, 9 *How. Pr. Rep.*, 552, and Stockbridge Iron Co. *v.* Mellen, 5 *Ib.*, 439.

*A. Cardose,* opposed.

Cowles, J.—Upon consultation with my brethren, now at general term, we agree that the motion should be denied.

The defendant, under the amendment to § 142 of the Code, providing that the facts shall be stated without "unnecessary repetition," may now, as we think, set them out in two separate forms, provided there is a fair and reasonable doubt of his ability to safely plead them in one mode only. But such pleading will be allowed with great caution, and only where it is very clear that the nature of the case renders it proper and necessary to protect the rights of the plaintiff, and secure him against the danger of a non-suit, on the trial. The motion is denied, without costs to either party. Defendant to have ten days to answer.