PHILIP J. HOLZDERBER, Respondent, *against* NORA FORRESTAL, Appellant.

(Decided January 16th, 1885).

An agreement for the hiring of real property from July to May 1st of the following year at a certain rent, and for a year thereafter at an increased rent, constitutes but a single agreement for a hiring for more than one year, and is therefore, if not in writing, void under the Statute of Frauds.

Where, in a petition in summary proceedings for the recovery of real property, none of the allegations are stated to be on information and belief, a verification by an agent of the landlord stating that all the material allegations of the petition are within his personal knowledge, for which reason he makes the verification, and that the contents of the petition are true to his knowledge except as to the matters therein stated to be alleged on information and belief, and as to those matters he believes it to be true, is sufficient, being a positive oath to the truth of the whole petition upon personal knowledge, and containing all the particulars required by the Code.

APPEAL from a final order of the district court in the City of New York for the Third Judicial District in a summary proceeding for the recovery of the possession of real property.

The proceeding was brought to obtain delivery to the landlord of the possession of the first floor of the building No. 575 Hudson street in the City of New York from the

tenant holding over after May 1st, 1884, the alleged expiration of the term. The tenant contended that she was in possession by virtue of a verbal letting for one year from May 1st, 1884. The final order of the justice awarded the possession to the landlord. From the order the tenant appealed to this court.

*W. C. Carpenter*, for appellant.

*Lindsay & Flammer*, for respondent.

J. F. DALY, J.—The evidence on defendant's part to establish a tenancy for one year from May 1st, 1884, was that in July, 1883, she agreed with the landlord for a hiring from July, 1883, to May 1st, 1884, at $100 per month, and for one year thereafter at $110 per month. She claimed that this constituted two separate agreements, and that it was not within the Statute of Frauds although not in writing. The justice held that the arrangement constituted but a single agreement, which was a hiring for more than one year, and, being verbal, was void. This decision was clearly right. Any other interpretation would permit a claim, under a verbal agreement made at one time, of a tenancy for successive years for any period, on the ground that a separate agreement was made for each year. The agreement made at one time on the subject of hiring is but one agreement no matter how many stipulations respecting different years are embraced in it. This agreement provided for a tenancy from July, 1883, to May, 1885, with different terms for each year.

We are referred to the case of *Young* v. *Dake* (5 N. Y. 463), as authority for defendant's position. In that case an arrangement was made in April, 1848, for a term of one year from April 1st, 1848, and a year longer on the same terms unless either party should give the other notice six months prior to the expiration of the year. On September 11th, 1848, the parties agreed upon a hiring for the year beginning the following April. The question discussed and

decided was the validity of a verbal letting in September, 1848, for one year from April, 1848. The agreement of September, not of the April previous, was treated as the contract, and that was held to be valid. Nothing in the case shows that any effect was given to the earlier arrangement.

The agreement in this case was such a hiring as in *Prial* v. *Entwistle* (10 Daly 398), which we held to be within the statute because the parties agreed, on April 10th, 1880, upon a hiring for one year from May 1st, 1880, and also that the tenant should have the premises on April 15th, 1880, and pay rent from that time.

Objection was made to the verification of the petition. It was made by the agents of the landlord, Albert Salter and Joseph Levy. None of the allegations were stated to be upon information and belief. It was verified by Joseph Levy. He stated that all the material allegations set forth in the petition were within his personal knowledge, for which reason he made the verification, and that the contents of the petition were true to his knowledge except as to the matters therein stated to be alleged on information and belief, and as to those matters he believed it to be true. This is a positive oath to the truth of the whole petition upon personal knowledge, and contains besides all the particulars required by the Code (§ 525 subd. 3 and § 526). As none of the allegations were made upon information and belief, the provision requiring the grounds of belief to be stated are not applicable.

The petition gave the justice jurisdiction, and his judgment, being good in law and upon the facts, must be affirmed.

It appears, however, from the evidence, that Mr. Levy, who verified the petition, was not present at the hiring. It is important to know what personal knowledge he had of it that justified his affidavit. The matter should be inquired into by the justice.

LARREMORE, J., concurred.

Order affirmed.