(36 Misc. Rep. 541.)

### HESS v. MARTIN.

(Supreme Court, Appellate Term. December, 1901.)

PAROL LEASE—VALIDITY.

Under Laws 1896, c. 547, § 207, a lease for one year, with a privilege of another year if a tenant wants it, is a hiring for more than one year, and void.

Appeal from municipal court, borough of Manhattan, Seventh district.

Action by Henry Hess against John H. Martin. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before McADAM, P. J., and MacLEAN and SCOTT, JJ.

Amos H. Evans, for appellant.

Moses R. Ryttenberg, for respondent.

McADAM, P. J. The action was to recover $500 damages for breach of an agreement by defendant to give plaintiff a lease of a portion of the premises occupied by defendant, on the east side of Broadway, between Thirty-Third and Thirty-Fourth streets, borough of Manhattan, to be used as a cigar stand. Various conversations were had between the parties as to certain alterations that were to be made on the premises for the portion to be devoted to the cigar business, and as to the rent. Defendant wanted $3,000 per year, and later on the plaintiff claims that the parties came to an agreement. When asked if he had agreed upon terms with the defendant, the plaintiff testified, "Later on we agreed; he (defendant) said he would let me have it (the premises) for $2,500 per year, and the second year I was to pay $3,000." The rent was to be paid monthly in advance, and the term to commence April 1, 1901. The plaintiff afterwards testified that "the lease was for one year, with the privilege of the second year if I wanted it." The plaintiff had written leases prepared, but the defendant refused to sign them. We have no hesitation in holding that a lease for one year, with the privilege of another year if the tenant wants it, is a hiring for more than one year, and void under the statute unless in writing. Laws 1896, c. 547, § 207. Under such a hiring all that would be required to continue the term for two years would be an election on the part of the tenant to accept the privilege expressed by notice to the landlord, or by a mere continuation of possession by the tenant, after the expiration of the first year, as if the two years had been a continuous well-defined term in the first instance. Manifestly, such an interest in real estate is for a term exceeding one year, and a writing is essential to the grant. Holzderber v. Forrestal, 13 Daly, 34; Prial v. Entwistle, 10 Daly, 398. Thus, where the lease gives the lessee the option to remain as tenant for another term, as where a lease is for 10 years, with a provision that the lessee "may, if he desires to do so, remain for 10 years more," the lease is, if the tenant so elects, a good lease for 20 years. Ranlet v. Cook, 44 N. H. 512, 84 Am. Dec. 92; Chretien v. Doney, 1 N. Y. 419; Bogan v. Wright, 22 Misc. Rep. 95, 48 N. Y. Supp. 546; and

kindred cases.  An agreement to give a lease must be in writing if the lease which it agrees to give must by the statute be in writing. Dung v. Parker, 52 N. Y. 494.  After a careful reading of the return, we doubt whether there was a meeting of minds of the respective parties, as to all the terms and conditions of the hiring, which rises to the dignity of a contract, and whether there was anything more than mere negotiation or talk looking forward to a contract.  We prefer, however, to put our decision upon the ground that, assuming the plaintiff's evidence to be true, the agreement he claims to have made has no validity in law, and, therefore, furnishes no ground of liability for a breach.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.  All concur.