### McLACHLIN v. VILLAGE OF WHITEHALL.

(Supreme Court, Appellate Division, Third Department.   June 27, 1906.)

FRAUDS, STATUTE OF—AGREEMENT NOT TO BE PERFORMED WITHIN YEAR.

    An oral agreement of the trustees of a village to enter into a written contract for the lighting of its streets for a period of five years is void under the statute of frauds.

    [Ed. Note.—For cases in point, see vol. 23, Cent. Dig. Frauds, Statute of, § 279.]

Appeal from Special Term.

Action by Thomas S. McLachlin against the village of Whitehall. From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals.   Reversed, and new trial granted.

Argued before SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

J. Sanford Potter, for appellant.

Edgar L. Fureman, for respondent.

CHESTER, J. The action is one brought to recover damages sustained by the plaintiff for the breach by the defendant of an alleged agreement to enter into a written contract with the plaintiff for lighting the streets and public buildings of the village of Whitehall for the term of five years from December, 1897. In 1892 the plaintiff and the defendant entered into a written contract under which the plaintiff was to light the streets and public buildings of the village for the term of five years at an annual compensation of $3,700 a year, payable monthly, and that contract has been performed by the parties. The plaintiff claims, and his testimony is to the effect, that at a regular meeting of the board of trustees of the defendant village held on May 5, 1897, at which all the five members thereof were present, an oral agreement was entered into between the plaintiff and the trustees that, if he would increase his lighting plant so that he could furnish incandescent lights for private houses in the village, they would renew the written contract with him for public lighting for another period of five years upon the same terms, and that he agreed so to do. He does not claim that any formal action to this effect was taken by the board of trustees and entered upon its minutes. Indeed, the minutes of that meeting do not show that any action was taken thereat with reference to lighting, and the secretary testifies that the minutes are a correct record of the proceedings of the meeting. The record also shows that only four trustees were present. At the time of the trial one of the trustees was incapacitated by reason of sickness from attending, and another was not in attendance. The three trustees who were sworn denied that any such contract as claimed by the plaintiff was made with them. The plaintiff undoubtedly talked with some of the trustees present at that meeting concerning the renewal of his contract, but from the view we take of the case it is not necessary to determine whether whatever talk he had at that time with any of the trustees without the board having taken formal action upon the matter constituted an agreement with the defendant. The plaintiff concedes that whatever was done was oral, and that the agreement which he claims was made was an oral one. He claims that, in pursuance of the oral agreement made with the trustees, he expended from $8,000 to $10,000 in installing an incandescent lighting system, and that thereafter the board, in violation of such agreement, refused to enter into the written contract for lighting for five years, and awarded the contract to another bidder. The jury has awarded him damages for the breach of such agreement, and the defendant has appealed from the judgment entered thereon.

The question is therefore presented whether damages can be recovered for the breach of an oral agreement to enter into a contract, which, under the statute of frauds, is required to be in writing. It is true that the oral agreement to enter into the written contract might be fully performed within a year or within a day. The action is not in

form one to recover damages for a breach of a contract for lighting the streets and public places for a term of five years, but for damages consequent upon a breach of the verbal agreement to award such a contract to the plaintiff.  The damages, however, claimed as consequent upon such breach, are none other than the same damages as would have been recoverable for breach of the contract for lighting if it had been awarded to the plaintiff.  He has testified that the profit on his contract of $3,700 a year alone would be about 50 per cent.  The authorities cited in support of the right to recover damages upon that basis are Pratt v. Hudson River Railroad Co., 21 N. Y. 305, where it is said in the headnote:

"Where a proposition for a contract, to be in writing and executed by the parties, has been made by one party and accepted by the other, the terms of the contract being in all respects definitely understood and agreed upon, the party refusing to execute the contract is responsible, it seems, on the breach of his agreement for the same damages as would be recoverable for an entire refusal to perform the contract after its execution in writing."

It is not necessary to determine whether the principle stated in this headnote is sound or not.  It is only referred to to show the logic of the plaintiff's claim, which necessarily is for damages for the breach of the contract itself, which he insists the defendant agreed to make with him, although in form for breach of the oral agreement only.  It is conceded that a contract for lighting for a term of five years would be void if not in writing, but if an oral agreement to enter into such a written contract is not also void, where the damages claimed for the breach of the oral agreement are not independent of it, but necessarily are the same as those which would arise from the breach of the written contract, the door would be open for the practical nullification of the statute of frauds in a large class of cases.  No authority has been called to our attention which supports the contention of the plaintiff in this respect.  The case of Kramrath v. City of Albany, 127 N. Y. 575, 28 N. E. 400, cited by the respondent on this point, does not so hold, but holds that a city which had enjoyed all the benefit of work performed or goods purchased was liable upon a quantum meruit "when no statute forbids or limits its power to make the contract."

Neither is the respondent's contention supported by the case of Pratt v. Hudson River Railroad Co., 21 N. Y. 305, cited by him.  There Judge Seldon, in delivering the opinion of the court, said:

"A contract to make and execute a certain written agreement, the terms of which are specific and mutually understood, is in all respects as valid and obligatory, where no statutory objection interposes, as the written contract itself would be if executed. * * * If two parties negotiate for a lease of certain premises, and they agree upon the terms and conditions of the lease, and that a written lease shall be drawn and executed embracing those terms, this is not a lease, but it is a contract which, whenever the statute of frauds does not interfere to prevent, can be enforced."

The cases cited, therefore, are only authority for the proposition that the oral agreement to give the contract, which must be in writing, can only be enforced whenever the statute of frauds does not interfere to prevent.

In this case it appears to us clear that the statute does so interfere, and stands in the way of the recovery of damages for the breach of the

oral agreement, the same as it would stand in the way òf an action for damages for a breach of the contract, which must be in writing, as they are practically one contract, or are so closely interrelated that they cannot be separated one from the other.

The conclusion that we have reached, that the oral agreement is void, appears to be supported by authority. In Amburger v. Marvin, 4 E. D. Smith, 393, it was held that an action could not be maintained to recover damages for a breach of a parol agreement to employ a person for a period of one year to commence in futuro, and to enter into a written contract for such employment, because such parol agreement was void under the statue of frauds. In Browne on the Statute of Frauds (5th Ed.) § 284, it is said: "An oral agreement to put in writing a contract which will require more than a year to perform is within the statute, and no action will lie for its nonperformance;" and the learned author cites the Amburger Case, supra, as authority for his statement. So, too, it has been held that an agreement to give a lease must be in writing, if the lease which it agrees to give is required by the statute to be in writing, else it cannot be enforced; the principle being that a contract void by the statute of frauds cannot be enforced directly or indirectly. Dung v. Parker, 52 N. Y. 494; Hess v. Martin (App. Term) 36 Misc. Rep. 541, 73 N. Y. Supp. 946. See, also, as to the effect of a promise to reduce an agreement to writing, 29 Am. & Eng. Enc. of Law, 847, and 20 Cyc. 285, and the authorities cited in each, which seem to support the same conclusion.

As the conclusion reached is fatal to the verdict and the judgment entered therein, it is unnecessary to discuss other phases of the case. The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.