(58 Misc. Rep. 471.)

### REILLY v. STEINHARDT.

(Supreme Court, Special Term, New York County. March, 1908.)

1. PLEADING—SEPARATE COUNTS.

A plaintiff may properly set forth a cause of action in separate counts.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 96, 114.]

2. FRAUDS, STATUTE OF—SALES OF PERSONALTY—PART PAYMENT.

Where a part payment of consideration has been made, the statute of frauds relating to sales of personalty is satisfied.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 23, Frauds, Statute of, §§ 183–185.]

3. SAME—SALE OF REALTY—MEMORANDUM.

A memorandum relating to sale of real property is sufficient, if signed by the vendor only.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 23, Frauds, Statute of, § 244.]

Action by Hugh J. Reilly against Frank Steinhardt. Demurrer to complaint overruled.

Judgment affirmed in 110 N. Y. Supp. 1142.

Wetherhorn & Link, for plaintiff.

Davis, Symmes & Schreiber, for defendant.

BLANCHARD, J. The complaint herein sets forth, in two counts, an option which the plaintiff gave to the defendant, allowing the defendant upon certain conditions and terms to purchase of the plaintiff certain real and personal property. The second count sets forth the option agreement, which appears to be signed by the plaintiff, but not by the defendant. The complaint alleges the failure of the defendant to pay the balance of the agreed consideration promised in exchange for the option, and asks judgment therefor. The defendant demurs on the ground that neither of the counts nor the entire complaint sets forth a cause of action, and that two causes of action are improperly united.

The plaintiff may properly set forth a cause of action in separate counts. Seymour v. Warren, 71 App. Div. 421, 75 N. Y. Supp. 903; Rothschild v. Grand Trunk R. Co., 30 N. Y. St. Rep. 642, 10 N. Y.

Supp. 36; Id., 38 N. Y. St. Rep. 869, 14 N. Y. Supp. 807; Longprey v. Yates, 31 Hun, 432; Jones v. Palmer, 1 Abb. Pr. 442.

It remains only to be considered whether the memorandum of the option agreement satisfies the statute of frauds. Since a part payment of the consideration has been made by the defendant, the statute of frauds relating to personalty is satisfied. The statute of frauds relating to real property requires that the memorandum be in writing, subscribed by the grantor. The memorandum referred to in the complaint satisfies this requirement. The cases upon which the defendant relies are cases in which the memorandum was defective or was not signed by the grantor. Wright v. Weeks, 25 N. Y. 153; Hess v. Martin, 36 Misc. Rep. 541, 73 N. Y. Supp. 946; McLachlin v. Village of Whitehall, 114 App. Div. 315, 99 N. Y. Supp. 721. The rule is well settled that, in an action by the vendor against the vendee upon a contract for the sale of real property, the memorandum of the contract need not be signed by the vendee. Torres v. Thompson, 29 Misc. Rep. 526, 60 N. Y. Supp. 790; Fleischman v. Plock, 19 Misc. Rep. 649, 44 N. Y. Supp. 413.

I see no reason to change my determination heretofore rendered herein, and accordingly the demurrer stands overruled as already directed.

Demurrer overruled.