WILES v. COHEN.

(Supreme Court, Special Term, Erie County. April 6, 1916.)

FRAUDS, STATUTE OF ☞123(2)—OPERATION—TENANCY UNDER VOID AGREEMENT.

Where a tenant took possession of the premises under an agreement that he was to have a lease for one year, with the option of renewal for two years more, but the written lease was never executed, it was the intention of the parties that the tenancy should be a yearly one, and the tenant cannot terminate it before the end of the year, though the agreement could not operate as an oral lease, under Real Property Law (Consol. Laws, c. 50) § 242, because it contemplated an extension beyond the term of one year.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. § 273; Dec. Dig. ☞123(2).]

Appeal from City Court of Buffalo.

Action by Walter S. Wiles against Samuel Cohen. Judgment for plaintiff, and defendant appeals. Affirmed.

Frederick C. Howard, of Buffalo (Marc W. Comstock, of Buffalo, of counsel), for appellant.

Reuben A. Schmidt, of Buffalo, for respondent.

BISSELL, J. The facts, in so far as they are pertinent to this decision, are, briefly stated, as follows: The defendant agreed to lease certain premises from the plaintiff for a period of one year, with the privilege of renewal for two more. The defendant thereafter moved into the premises and opened a grocery store. At some time during the period of his occupancy, the plaintiff drew up and executed a lease embodying the terms of the agreement, and presented it to the defendant for his signature. The defendant appears never to have signed or returned the lease, and the plaintiff testifies that the matter passed out of his mind with the lease still in defendant's possession.

The business of the defendant proved unprofitable, and after an occupancy of several months he gave a month's notice to the plaintiff and vacated the premises. The key was delivered to the plaintiff, who accepted it, notifying the defendant, however, as he says, that he would hold him for the rent of the building until a new tenant was found. The building remained untenanted for one month, and this action was brought to recover rent for that period.

It is sufficiently clear that no valid written lease ever came into existence between the parties. The defendant claims with some force that the agreement could not operate as an oral lease for one year between the parties, since that agreement contemplated a possible extension of the tenancy to a period of three years. Such an agreement, it is argued, is rendered void by section 242 of the Real Property Law as an attempt to create, in the absence of a written instrument, an estate or interest in land for a greater period than one year.

Assuming that this is correct, nevertheless a tenancy of some sort arose between the parties when the defendant took possession of the premises. I know of no more reasonable method of determining the character of that tenancy than through the intention of the parties,

which may be gathered from the original and undisputed agreement between them. It is not denied that the defendant insisted upon taking the premises for a period of a year, with the privilege of a two years' renewal, and that these terms were embodied in the written lease later delivered to him. In Laughran v. Smith, 75 N. Y. 205, 209, a case very similar to the one at bar, Judge Andrews says:

"Although a parol lease for more than a year is void, yet it has long been settled that, when the tenant enters and occupies, the agreement regulates the terms on which the tenancy subsists in all respects, except as to the duration of the term. That a yearly tenancy was contemplated by the parties in the case is the only inference justified by the facts. The parties had in view, as appears from the void agreement, a tenancy for years. * * * The fact that they paid it [the rent] monthly cannot, in view of the other controlling circumstances, be regarded as establishing the holding as from month to month. This may have been done for convenience, or other reason consistent with a yearly holding, which was the nature of the tenancy, as the other circumstances establish."

Taking the intention of the parties as a criterion, I think it cannot be said that the tenancy of the defendant was other than a yearly tenancy. This being so, it follows that the defendant was unjustified in terminating his lease before the expiration of a year.

The defendant cites Hess v. Martin, 36 Misc. Rep. 541, 73 N. Y. Supp. 946, in support of the proposition that merely a tenancy at will arises when premises are occupied under an invalid lease. The authority relied upon by that case appears never to have been followed elsewhere in this state, and is not, I believe, consistent with the case of Laughran v. Smith, above quoted.

It follows that the judgment of the City Court should be in all respects affirmed, with costs to the plaintiff, and against the defendant.