Walter Deutsch, Respondent, v. Textile Waste Merchandising Company, Appellant.

First Department, May 1, 1925.

Contracts — action to recover for breach of oral contract by defendant to make written contract with plaintiff for employment for five years in consideration of plaintiff doing certain things — said contract was void under Statute of Frauds as one not by its terms to be performed within one year from making thereof — allegations of part performance do not make complaint sufficient — affidavits cannot be considered on motion under Rules of Civil Practice, rule 106, to dismiss complaint on ground that it does not state facts sufficient to constitute cause of action — allegations in complaint as to damages that plaintiff was to receive portion of net profits, and that he has not received any share of profits to his damage in stated sum is insufficient to show damages.

A complaint in an action against a corporation to recover for the breach of an oral contract is insufficient which alleges that the plaintiff entered into an oral contract with the defendant's president, whereby, in consideration of the plaintiff performing certain services for the benefit of the defendant's president, he agreed to make a written contract with the plaintiff for employment for five years under the terms of which the plaintiff was to receive ten per cent of the profits of the business in addition to a weekly drawing account; that the plaintiff performed his part of the contract, but that the defendant, after the plaintiff had been employed for a short time, discharged him and refused to pay him any part of the net profits to his damage in a stated sum.

Said oral contract was in effect a contract for employment for a term of five years and is, therefore, void under the Statute of Frauds, since by its terms it was not to be performed within one year from the making thereof.

The allegations in the complaint as to part performance do not take the case out of the Statute of Frauds, since it is well settled that an oral contract void under the Statute of Frauds because by its terms it is not to be performed within one year from the making thereof cannot be validated by part performance.

The affidavit by the plaintiff to the effect that he can prove that the defendant when it was formed by the defendant's president agreed to the terms of the contract, cannot be considered on a motion made under rule 106 of the Rules of Civil Practice to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action.

The allegation in the complaint as to the damages suffered by the plaintiff is insufficient, since it pleads merely that the plaintiff has not received any share of the net profits of the business of the defendant, to his damage in a stated amount, and does not allege that the defendant ever derived any net profits from the business.

APPEAL by the defendant, Textile Waste Merchandising Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 17th day of October, 1924, denying its motion to dismiss the complaint on the ground that the complaint does not state facts sufficient to constitute a cause of action, and that the alleged contract on which the action is founded is unenforcible under the provisions of the Statute of Frauds.

*Irving G. Warshaw* [*Jacob Broches Aronoff* with him on the brief], for the appellant.

*Ruth Lewinson,* for the respondent.

BURR, J.:

The complaint alleges:

" I. On information and belief that the defendant is a domestic corporation with its principal offices in the Borough of Manhattan, City of New York.

" II. That on or about the 7th day of May, 1924, the plaintiff and one Leo Sprai, President of the defendant corporation, entered into a contract as follows:

" 1. In consideration of plaintiff's introducing said Leo Sprai into the business of the wholesale buying and selling of rags, and in further consideration of the plaintiff's introducing the said Leo Sprai into the Trade Association of that trade, plaintiff was to secure from the defendant corporation a written contract of employment as follows:

" a. Plaintiff to be the Manager of the Textile Waste Merchandising Corporation for a term of five years;

" b. Plaintiff to receive as such manager ten per cent of the

profits of the business and the sum of Fifty Dollars per week to cover his general expenses.

" III. That plaintiff at the times hereinafter mentioned was the American representative of the foreign firm of Bernard Deutsch & Sohn, of Bielitz, Poland, a very well-known firm in the trade, and through this connection was thoroughly familiar with the trade and the business.

" IV. That beginning on or about the 7th day of May, 1924, plaintiff assisted in the organization of the business.

" V. That on or about the 29th day of May, 1924, the defendant corporation sent out letters broadcast into the trade announcing that plaintiff had been hired by it as manager of the defendant corporation, that plaintiff was thoroughly familiar with the foreign market in the trade through his connection with the firm of Bernard Deutsch & Sohn, and on that basis defendant corporation solicited business.

" VI. That as a result of these letters and through the personal solicitation of plaintiff, orders were received and goods and samples were shipped to the defendant corporation by firms who knew plaintiff in the trade and relied on his connection as manager.

" VII. Plaintiff, pursuant to the terms of the contract, introduced Leo Sprai, President of the defendant corporation, into the Trade Association.

" VIII. Plaintiff duly performed all of the conditions on his part to be performed.

" IX. That on or about the 23d day of June, 1924, plaintiff was summarily discharged as manager of the defendant corporation and failed to receive the contract of employment although he had made repeated demand for the same.

" X. That plaintiff, relying on defendant's promise, had given the defendant the benefit of all of the trade secrets, had brought to the defendant company a large volume of business, had lost the opportunity of making other connections in the trade; that by reason of the plaintiff's association and assistance the defendant corporation was unjustly enriched.

" XI. That defendant has failed to give to plaintiff the written contract of employment; that plaintiff has received no share of the profits, to his damage in the sum of twenty-five thousand ($25,000) Dollars.

" Wherefore, plaintiff demands judgment against defendant in the sum of Twenty-five Thousand ($25,000) Dollars, together with the costs of this action."

The motion to dismiss was made under rule 106 and rule 107 of the Rules of Civil Practice. Under rule 106 defendant moves to dis-

miss the complaint on the ground that it does not state facts sufficient to constitute a cause of action, alleging that whatever value it might have had as a complaint if Leo Sprai had been the defendant, the complaint sets forth no cause of action against the defendant corporation.

Under rule 107 defendant moves on the complaint and supporting affidavit of Irving G. Warshaw to dismiss on the ground that the alleged contract sued on is unenforcible under the Statute of Frauds.

In the affidavit submitted by plaintiff in opposition to that part of the motion made under rule 107, the plaintiff states: " This action as set forth in the complaint could be performed in less than a year, could be performed in a few weeks or months and is, therefore, not within the provisions of the Statute of Frauds. It is not a contract of employment that we sue on. Suit is predicated on the breach of a contract which had for its terms the performance by the plaintiff of certain acts, in exchange for which defendant was to give plaintiff a written contract. Plaintiff has fully performed; defendant has accepted the performance and benefited by it and has failed and refused to perform in return."

There is no dispute about the fact that the alleged original agreement between the plaintiff and Sprai was oral. The very basis of the action is the failure of the defendant to deliver a written contract to plaintiff. The written contract which Sprai orally agreed the defendant company would give plaintiff, as alleged, was to have provided that defendant employ plaintiff for a term of five years and give plaintiff a share of the profits. Because Sprai's alleged oral promise, that defendant would give plaintiff such contract, was not fulfilled, it is alleged that " plaintiff has received no share of the profits, to his damage in the sum of twenty-five thousand ($25,000) dollars. Wherefore, plaintiff demands judgment against defendant in the sum of twenty-five thousand ($25,000) dollars."

This is clearly an attempt to recover, on the alleged breach of an oral contract to give a written contract, damages that would have been recoverable on an action on the written contract, and thus to nullify the Statute of Frauds. (See Pers. Prop. Law, § 31, subd. 1.)

In the case of *McLachlin* v. *Village of Whitehall* (114 App. Div. 315) the plaintiff brought an action to recover damages sustained by him for the breach by defendant of an alleged agreement to enter into a written contract with the plaintiff for lighting the streets and public buildings of the village of Whitehall for the term of five years. The plaintiff claimed that in pursuance of the oral agreement made with the trustees he expended from $8,000 to $10,000 in installing an incandescent lighting system, and that thereafter the board of trustees, in violation of such agreement,

refused to enter into the written contract for lighting for five years, and awarded the contract to another bidder. The jury awarded the plaintiff damages for the breach of such agreement, and the defendant appealed from the judgment entered thereon. The court said (at p. 317): " The question is, therefore, presented whether damages can be recovered for the breach of an oral agreement to enter into a contract which under the Statute of Frauds is required to be in writing.

" It is true that the oral agreement to enter into the written contract might be fully performed within a year or within a day. The action is not in form one to recover damages for a breach of a contract for lighting the streets and public places for a term of five years, but for damages consequent upon a breach of the verbal agreement to award such a contract to the plaintiff. The damages, however, claimed as consequent upon such breach are none other than the same damages as would have been recoverable for breach of the contract for lighting if it had been awarded to the plaintiff. He has testified that the profit on his contract of $3,700 a year alone would be about fifty per cent.  *  *  *  It is conceded that a contract for lighting for a term of five years would be void if not in writing, but if an oral agreement to enter into such a written contract is not also void, where the damages claimed for the breach of the oral agreement are not independent of it, but necessarily are the same as those which would arise from the breach of the written contract, the door would be open for the practical nullification of the Statute of Frauds in a large class of cases. No authority has been called to our attention which supports the contention of the plaintiff in this respect."

In *Amburger* v. *Marvin* (4 E. D. Smith, 393) the complaint set forth that defendant agreed, on the 18th of July, 1848, to employ plaintiff and to enter into a contract in writing to employ him as a clerk for the term of one year to commence on the 1st of August, 1848, and end on the 1st of August, 1849.

The court, by DALY, J., said (p. 395): " There can be no doubt that this was an agreement which, by its terms, was not to be performed within one year from the making of it, and was, therefore, void by the statute. (2 Rev. Stat. 4th ed. 317, § 2  *  *  *.)

" It is insisted that as the contract in writing might be entered into within the year, that it is not void; but reducing the contract to writing is not a performance of it, or it is but a performance of part of it; and unless the contract is to be completely executed within the year, the case is within the statute."

The court brushed aside the argument that the contract to give a written contract was separate and distinct from the written

contract, and treated it as a contract of employment, one of the terms of which was that it be put in writing. That is precisely the situation in the instant case. Plaintiff seeks to recover damages for a breach of contract of employment for five years. This is not an action on *quantum meruit*.

In an endeavor to take the case out of the statute plaintiff sets forth a number of acts tending to show part performance. It is well settled that an oral contract void under the Statute of Frauds because by its terms not to be performed within one year from the making thereof, is not validated by part performance. (*Williamsburg City Fire Ins. Co.* v. *Lichtenstein*, 98 Misc. 342; affd., 176 App. Div. 910; *Wahl* v. *Barnum*, 116 N. Y. 87.)

Professor Williston, speaking of oral agreements to make written contracts which are within the statute, says (1 Williston on Contracts, 1012, § 524-a): " * * * As a practical matter the enforcement of such an agreement is tantamount to taking the main contract out of the statute, though the whole transaction is oral, and is therefore opposed to the spirit of the act."

Nothing outside of the complaint can be considered on that part of the motion which is made under rule 106 and which seeks to dismiss for failure to set forth facts sufficient to constitute a cause of action. The statement, therefore, in plaintiff's affidavit that plaintiff will be able to prove on the trial that when defendant corporation was formed, Leo Sprai, who became its president, repeated on behalf of the corporation the terms of the agreement originally made between him and the plaintiff, cannot cure the weakness of the complaint. Whatever may be the facts that plaintiff " will be able to prove," tending to show an assumption of the obligations of the agreement by the corporation, no such assumption is alleged in the complaint, which sets forth merely a contract between the plaintiff and Leo Sprai.

The allegations in the complaint referring to profits are contained in paragraphs II and XI. In paragraph II plaintiff sets forth that the written agreement was to provide that he would receive ten per cent of the profits. In paragraph XI he alleges: " That plaintiff has received no share of the profits, to his damage in the sum of twenty-five thousand ($25,000) dollars."

There is not a single allegation in the complaint setting forth that the corporation made any profits. The allegation that he received no share of the profits may mean nothing more than that profits were not made. Assuming that there was a breach of contract on the failure of the corporation to give him a written agreement, there is no allegation showing that there was any damage. The corporation could not pay plaintiff ten per cent of its profits

if it made no profits.    In the absence of allegations of fact showing damage, allegations of a breach of contract are not sufficient to sustain a complaint.

In *Kain* v. *Larkin* (141 N. Y. 144), relied upon by respondent, the court said that a demurrer cannot be sustained simply by showing that facts are imperfectly or informally averred, or that the pleading lacks definiteness and precision, or that material facts are only argumentatively averred.    But in the instant case ratification and assumption are not averred at all, not even informally or imperfectly.    The statement in the case cited, that the pleading will be deemed to allege whatever can be implied from its statements by fair and reasonable intendment, means that where an attempt is made to allege a fact and the allegation is vague or imperfectly made, the court will look to what the party meant the imperfect allegation to set forth.    What the respondent asks the court to do in the instant case is to infer from allegations of other facts the possible fact that a ratification may have occurred.    Asking the court to assume the existence of a fact from the alleged existence of other facts is different from asking it to construe an imperfect allegation liberally.

The order denying defendant's motion to dismiss the complaint should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs, with leave to plaintiff to serve an amended complaint within twenty days after entry of order herein, upon payment of said costs.

CLARKE, P. J., DOWLING, MERRELL and McAVOY, JJ.; concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to the plaintiff to serve an amended complaint within twenty days from service of order upon payment of said costs.