RESERVE FINANCE CORPORATION, Respondent, *v.* LOUIS ROSEN, Appellant.

Supreme Court, Erie County, May 25, 1926.

**Summary proceedings to dispossess — non-payment of rent — petition was verified by agent of landlord and recited that said agent was duly authorized to institute and prosecute proceeding.— petition sufficient under Civil Practice Act, § 1414.**

A petition in summary proceedings to dispossess for non-payment of rent which was signed and verified by the agent of the landlord and contained a recital that said agent was duly authorized by the landlord to institute and prosecute the proceeding, cannot be dismissed on the ground that it was insufficient, for section 1414 of the Civil Practice Act expressly provides that an application to remove a tenant for the non-payment of rent may be made by the agent of the landlord. Moreover, inasmuch as the material allegations of the complaint are set forth positively and not on information and belief, the statement of the agent in the verification that he has read the petition and knows the contents thereof amounts to an allegation that all the material facts in the petition are within his knowledge.

APPEAL by tenant from order of City Court of Buffalo denying his motion to dismiss petition in summary proceedings to dispossess for non-payment of rent.

*Noel E. Coshway,* for the appellant.

*Henry W. Brush,* for the respondent.

PER CURIAM. This proceeding was instituted by the landlord, Reserve Finance Corporation, to remove the tenant, Louis H. Rosen, from certain leased premises for non-payment of rent. The petition was made by Elmer C. Doll, as agent for the landlord. The material allegations of the petition are stated positively, and not on information and belief. In addition, the petition contains a recital that Doll is the agent for the Reserve Finance Corporation, and duly authorized by it to institute and prosecute the proceeding. The petition is verified by Doll in the usual manner for the verification of a pleading by a party.

The tenant appeared specially and objected to the sufficiency of the verification, upon the ground that the landlord was a domestic corporation, and that the petition should have been verified by some officer of it, or in lieu thereof, that the agent should have complied with rules 99 and 100 of the Rules of Civil Practice. I think the ruling of the City Court was proper. Appellant apparently overlooks the provisions of section 1414 of the Civil Practice Act (as added by Laws of 1921, chap. 199), which expressly provides that the application may be made by the agent of the landlord. The statement contained in section 1415 that the petition shall be verified " in like manner as a verified complaint in an action " has reference only to the form of the verification.

Furthermore, reading the verification and petition together, it is apparent that the agent sets forth his authority, and, inasmuch as all of the material allegations of the complaint are set forth positively, his statement in the verification, that he has read the petition and knows the contents thereof, amounts to an allegation that all of the material facts in the petition are within the knowledge of the agent. Similar reasoning may be found in the cases of *Powers* v. *De O* (64 App. Div. 373); *Matter of Stuyvesant Real Estate Co.* v. *Sherman* (40 Misc. 205) and *Holzderber* v. *Forrestal* (13 Daly, 34).

The order of the City Court is, therefore, affirmed, with costs.