### KAHN v. CECELIA CO.

District Court, S. D. New York.

June 27, 1941.

Abraham L. Bienstock, of New York City, for plaintiff.

Spence, Windels, Walser, Hotchkiss & Angell, of New York City (James H. Halpin, of New York City, of counsel), for defendant.

COXE, District Judge.

This is a motion by the defendant to dismiss the first cause of action on the ground that it fails to state a claim.

The first cause of action alleges that on or about November 23, 1938, the plaintiff entered into an oral agreement with the defendant in New York whereby the plaintiff was employed by the defendant for a term of three years at a salary of $1,000 a week; that the plaintiff entered into the agreement "solely on condition that the terms thereof would be embodied in a duly executed written instrument and upon the express representation of defendant that such a written instrument would be prepared and executed by it"; that the plaintiff started upon the performance of his duties under the agreement, and was paid $1,000 a week until September 17, 1940, when he was wrongfully discharged; that at various times after November 23, 1938, the plaintiff requested the defendant to deliver to him a written instrument executed by the defendant embodying the terms of the agreement but that the defendant failed to comply with the request; and that the plaintiff relied on the defendant's representations with respect to the written instrument, continued in the performance of his duties "under the agreement, and expended large sums of money and considerable time and effort in the performance of such duties and materially changed his position to his detriment in reliance upon said agreement". The damages asked are $61,571.43, representing the salary of $1,000 a week for the unexpired period of the agreement.

Just prior to the argument of the motion, the parties, by written stipulation, limited its scope to a single question, namely, whether the first cause of action should be dismissed "on the ground that said first cause of action is barred by the Statute of Frauds".

Under Rule 8(c) of the Federal Rules, 28 U.S.C.A. following section 723c, the Statute of Frauds is an affirmative defense to be pleaded, Piest v. Tide Water Oil Co., D.C., 27 F.Supp. 1020, but where the defect appears on the face of the pleading the question may be raised on motion to dismiss for insufficiency under Rule 12(b), Moore's Federal Practice, § 12.04, pp. 644–647.

The sole ground urged by the plaintiff to sustain the first cause of action is that the defendant is estopped to interpose the Statute of Frauds as a defense. Personal Property Law N.Y. § 31. This is a clear recognition that the cause of action cannot stand if the allegations in support of the estoppel are insufficient. These allegations are criticised by the defendant as mere conclusions. I prefer, however, not to take that ground, as I do not believe that "promissory estoppel", on which the plaintiff relies, has any application to the case under New York law.

The doctrine of "promissory estoppel" is of comparatively recent origin, and has usually been resorted to as a substitute for consideration. Williston on Contracts, Rev.Ed., § 139; Restatement of Contracts, § 90; Porter v. Commissioner of Internal Revenue, 2 Cir., 60 F.2d 673, 675. In New York it has received a limited application "as the equivalent of consideration" in cases involving charitable subscriptions. Allegheny College v. National Chatauqua County Bank of Jamestown, 246 N.Y. 369, 159 N.E. 173, 175, 57 A.L.R. 980. The doctrine has been extended in some jurisdictions to cases similar to the one at bar, Williston on Contracts, Rev.Ed., § 533–A; Restatement of Contracts, § 178, comment (f). But this extension has found no support in New York. White v. Ashton, 51 N.Y. 280.

The case is not unlike McLachlin v. Village of Whitehall, 114 App.Div. 315, 99 N.Y.S. 721, even though the form of the

action is different. In that case there was a strong showing that the plaintiff had made a large outlay in reliance on an oral promise of the defendant to enter into a written contract, yet the court held that there could be no recovery. It is true that the action was for breach of the oral promise, but I do not believe that the result would have been otherwise even if the action had taken the present form. The real basis for the decision was that the court was not willing to permit the "practical nullification of the statute of frauds" (page 318 of 114 App.Div., page 723 of 99 N.Y.S.). A similar ruling was made in Deutsch v. Textile Waste Merchandising Co., 212 App.Div. 681, 209 N.Y.S. 388.

The motion of the defendant to dismiss the first cause of action on the ground that it fails to state a claim is accordingly granted.