LEO LEVY, Plaintiff, *v.* CLARA HINRICHSEN et al., Defendants.

Supreme Court, Special Term, Queens County, November 19, 1946.

*Saul Levine* for defendants.

*Leo Pincus* for plaintiff.

FROESSEL, J. The defendants move for an order dismissing the complaint, pursuant to subdivision 8 of rule 107 of the Rules of Civil Practice, on the ground that the agreement alleged therein is unenforcible under the Statute of Frauds, and, pursuant to subdivision 5 of rule 106 of the Rules of Civil Practice, on the ground that the complaint is legally insufficient.

The action is brought " to specifically perform " an agreement whereby on September 3, 1945, " the defendants contracted and agreed to lease to the plaintiff " certain premises, and " to execute and deliver to him a written lease thereof for the term of one year from October 1, 1945, with an option to the plaintiff to renew said lease from year to year so long as the defendants occupied and maintained " their business at a certain other location, at an agreed rental. Occupancy to the premises in question was given to the plaintiff on or about September 25, 1945, and the plaintiff continues to reside in said premises.

The agreement pleaded in the complaint and of which the plaintiff seeks specific performance is clearly in violation of the Statute of Frauds. (Real Property Law, § 259. See annotations under said section in McKinney's Consolidated Laws of New York.) In *Rosen* v. *Rose* (13 Misc. 565) plaintiff likewise sought specific performance of an oral agreement to execute a lease for one year with a privilege of renewal for two years more. McADAM, J., held that such a contract relates to the leasing of land for more than one year and to be valid must be in writing and subscribed by the party to be charged. A like holding will be found in *Hess* v. *Martin* (36 Misc. 541). Nor does the complaint allege facts to constitute partial performance sufficient to make the statute inapplicable.

Under the circumstances, I have no alternative but to grant defendants' motions to dismiss the plaintiff's complaint. In this disposition, I am in no wise passing upon the present status of the plaintiff with relation to his occupancy of the premises in question.