JERRY BIRNE, Respondent, *v.* PUBLIC SERVICE MUTUAL CASUALTY Co., INC., Appellant.

First Department, March 15, 1948.

*John F. X. Finn* of counsel (*Henry Katz* and *C. J. Pernicone* with him on the brief; *E. Edan Spencer,* attorney), for appellant.

*James L. Nelligan* for respondent.

COHN, J. Plaintiff is a taxicab owner. Defendant is a mutual casualty insurance company incorporated under the law of this State.

During the calendar year 1942, defendant issued to plaintiff its statutory automobile insurance policy at a monthly premium aggregating $204 per annum. The policy continued in force until December 31, 1942, and at the end of 1942, the defendant company admittedly made a dividend payment of $24.80 to plaintiff. Defendant company in 1943, again issued to plaintiff a statutory automobile insurance policy expiring on December 31, 1943, the annual premium thereon being $286.85. Plaintiff ceased to be a policyholder of defendant on December 31, 1943.

The policies issued to plaintiff for the years 1942 and 1943, by their terms made him a member of defendant corporation and provided for assessments by the corporation up to " twice the amount of and in addition to the annual cash premium " should this be called for under the insurance law. The contracts of insurance also provided that the insured was to be entitled to " an equitable participation in the funds of the Company in excess of the amounts required to pay all policy and other obligations together with the reserved funds required or permitted by law " and that such distribution was to be made in accordance with the Insurance Law, the charter of the company, and its by-laws.

Defendant's charter provides that " The members of this corporation shall be the policyholders therein, and when any member ceases to be a policyholder, he shall cease at the same time to be a member of the corporation."

The by-laws of the defendant authorize the directors, subject to the approval of the State Superintendent of Insurance, to declare dividends " at the end of each fiscal year or oftener," which dividends are to be declared only in accordance with the provisions of the Insurance Law.

Section 57, subdivision 1, of the Insurance Law requires domestic mutual companies to be maintained and operated for

the benefit of their members who are entitled " * * * to share equitably in the dividends if and as declared by the board of directors. * * * " No such dividend may be paid until the Superintendent of Insurance shall have given his written approval thereof (Insurance Law, § 323).

As of December 31, 1942, defendant had an accumulated surplus. On December 29, 1943, it applied to the Superintendent of Insurance for permission to distribute $20,000 of such surplus and permission was granted by letter dated January 3, 1944.

On January 6, 1944, the board of directors of defendant adopted a resolution that there should be " a distribution of a portion of the company's accumulated surplus as of December 31st, 1942, up to $20,000 * * * to *present* members of the company, who were covered by statutory automobile liability and property insurance with the company on or before December 31st, 1942." (Italics ours.) As plaintiff was not a policyholder or a member of defendant when the resolution was adopted, he was not permitted to partake in the distribution of the $20,000. This distribution was made on a percentage basis and there was " allowed on double-shift operated cars " within the city of New York 10% of the premiums paid by the recipients during the year 1943.

Plaintiff's claim is that his exclusion from the distribution as voted by the board of directors on January 6, 1944, was, in the circumstances, unlawful and a breach of the terms of the policy. He accordingly brought suit in the Municipal Court to recover $28.69, which represented 10% of the annual premium of $286.85 paid by him on the policy issued by defendant for the year 1943. His complaint was dismissed upon the trial at the close of his case, the court ruling that on the pleadings and proof he could not recover under the resolution passed by the board of directors which excluded him from its benefits. The Appellate Term reversed and granted plaintiff judgment on the ground that he was entitled to a proportionate share of the surplus existing as of December 31, 1942. From the determination of the Appellate Term this appeal is taken.

We are of the opinion that the judgment of dismissal in the Municipal Court was correct. Even if it be assumed that plaintiff was entitled to participate in the distribution of the accumulated surplus for the year 1942, there could be no recovery allowed on the basis of a resolution which plaintiff himself condemns as unlawful and a breach of the terms of the policy.

The resolution of the board of directors upon which plaintiff claims the right to recover was adopted six days after he left the company. The distribution by its very terms was limited to present policyholders. Concededly plaintiff had been paid the sum of $24.80 as a dividend at the end of 1942. Whether he was entitled to a further distribution from any surplus cannot be decided on the issues presented in this action. Not until there has been a declaration by the board of directors of a dividend payable to him, will plaintiff be in a position to sue at law for the recovery thereof.

In *Greeff* v. *Equitable Life Assur. Society* (160 N. Y. 19) the court used the following apposite language (p. 32): " It is manifest that by the terms of the plaintiff's policy the only right he acquired was to share in an equitable distribution of the accumulated surplus. Until a distribution was made by the officers or managers of the defendant, the plaintiff had no such title to any part of the surplus as would enable him to maintain an action at law for its recovery. We think the principles which control the disposition of the surplus earnings of a stock corporation are applicable here. In those cases it has often been held that until dividends have been declared a stockholder has no right of action at law to recover any part of the fund applicable to that purpose, and that when directors have exercised their discretion in regard thereto the courts will not interfere unless there is bad faith, or willful neglect, or abuse of such discretion. [Citing cases.] "

If, as claimed, plaintiff is entitled to participate in the distributable surplus of the company for the year 1942, his remedy is by way of a class action in the appropriate forum for a mandatory judgment. (Cf. *Lipsman* v. *Reich*, 173 Misc. 294, 300.) In such suit the alleged unlawful action of the corporation in excluding plaintiff and other former members similarly situated from participating in the distribution of the accumulated surplus may be tried out. Whether plaintiff is to prevail in such an action will of course depend upon the facts there adduced.

The determination of the Appellate Term should be reversed and the judgment of the trial court dismissing the complaint should be affirmed, with costs in this court and in the Appellate Term to the defendant.

PECK, P. J., GLENNON, DORE and CALLAHAN, JJ., concur.

Determination of the Appellate Term unanimously reversed and judgment of the Municipal Court affirmed, with costs in this court and in the Appellate Term to the defendant.

Settle order on notice.