Vincent A. Lupiano, J.
The defendant has moved, under rule 106 of the Rules of Civil Practice, to dismiss the second amended complaint on the ground that it is insufficient in law.
The plaintiffs, constituting the board of trustees of the National Maritime Union Pension and Welfare Plan, have sued the defendant, an insurance company of the State of Massachusetts. for their dividend or share of a surplus distribution, which dividend or share, according to the second amended complaint, is estimated at $300,000. The problem which at once emerges is that there has been no apportionment by the defendant to these plaintiffs, or to anyone else insofar as appears here, of any divisible or distributable surplus for the year in suit. The plaintiffs rely upon the contract of insurance and also upon statutory law, but no basis for a recovery at law is shown either upon the contract or under any statute.
On the front page of the policy of insurance there is the legend, in boldface type: “Annual Surplus Distribution as Accrued and Apportioned ’ ’. However, this legend, which is not a contractual provision, must be considered together with the applicable provisions of the policy, which read:
*906 ‘ ‘ Annual Surplus Distribution. On each policy anniversary to which premiums have been paid there shall be distributed hereon such share of a divisible surplus as may be apportioned thereto by the Company.
“ Any such divisible surplus shall be paid in cash to the Trustee(s) or, at the election of the Trustee(s), may be applied in abatement of premium payments; provided that in the event the employees contribute towards the cost of the insurance, any excess of such share of the divisible surplus over the Employers’ aggregate premium contribution shall be applied by the Trustee(s) for the sole benefit of the employees insured hereunder.”
As hereinabove indicated, the complaint does not show that the defendant has apportioned any share of a divisible surplus to these plaintiffs or to anyone else. The plaintiffs base their cause of action primarily upon policy experience, that is, past experience with respect to their own policy. Thus, they allege that for the policy year August 1, 1953, to July 31, 1954, they paid premiums of $1,560,751.20 and that the defendant returned to the plaintiffs, as a cash dividend, divisible surplus in the amount of $644,071.90; and, further, that for the policy year August 1, 1954, to July 31,1955, the plaintiffs paid the defendant premiums in the sum of $963,199.30 and received from the defendant a cash dividend, representing divisible surplus, in the amount of $233,-102.41. In the first-mentioned policy year, according to the pleading in hand, the defendant incurred claims of $798,027.94, and in the second year the defendant incurred claims of $640,022.77. The plaintiffs assert that for the policy year in suit, August 1, 1955, to July 31, 1956, they paid premiums of $828,448.63' and ‘' made timely tender” of further premiums amounting to $169,290; also, that the defendant incurred claims during that policy year of $463,659.06. From this the plaintiffs' deduce, on the basis of ‘ ‘ experience ’ ’ in the two preceding policy years, that for the policy year involved in the present action they are entitled to recover from the defendant a ‘' divisible surplus payable as a cash dividend in the approximate amount of $300,000 ”.
However, it appears well settled that past experience is not an adequate basis for any such recovery, at least in an action at law; moreover, that in determining divisible surplus no individual policy may be considered by itself; and that divisible surplus represents ‘ ‘ the aggregate amount of all overcharges in premiums ” upon all policies. Thus, not the defendant’s experience with plaintiffs’ policy alone but with all policies is *907 the true basis for determination of a divisible surplus (cf. Greeff v. Equitable Life Assur. Soc., 160 N. Y. 19, 32; Rhine v. New York Life Ins. Co., 273 N. Y. 1, affg. 248 App. Div. 120; Deutsch v. Textile Waste Merchandising Co., 212 App. Div. 681; Birne v. Public Service Mut. Cas. Co., 273 App. Div. 288). The condition precedent to recovery under this insurance policy has not occurred in that the defendant has not apportioned any share of a divisible surplus to these plaintiffs and the complaint does not indicate that it made any such apportionment at all to any policyholder.
Thus the plaintiffs are necesarily relegated to a suit in equity to determine whether it be equitable that such an apportionment be had (cf. Birne v. Public Service Mut. Cas. Co., supra, p. 291).
Nor is the plaintiffs’ reliance upon the Insurance Law well founded. The policy involved in the present action is what is commonly known as a participating policy providing group hospital and surgical insurance. The beneficiaries are dependents of seamen who are members of the National Maritime Union. The defendant is not a domestic company but one which is incorporated under the laws of Massachusetts. As the policy is neither a life insurance policy nor an annuity or pure endowment contract it does not fall within the purview of subdivision 4 of section 216 of the Insurance Law, which does not apply to such a policy as this. Nor is subdivision 1 of section 216 applicable, since the defendant is not a domestic life insurance company. The policy is of the kind referred to in subdivision 5 of section 221 as being ' ‘ group accident and health insurance ’ ’. Plaintiffs may not, therefore, found their action upon any section of the Insurance Law.
No useful purpose would be served by retaining jurisdiction of this action at law, and I am constrained to grant the application for its dismissal, without prejudice, of course, to the institution of a proper suit, which should be one founded upon equitable principles.
Accordingly, the motion is granted and the second amended complaint is dismissed. Any judgment of dismissal which may be entered herein shall not prejudice the institution of a proper .suit as hereinabove indicated.
Order signed.